NO. 07-05-0098-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 29, 2005

_____

MICHAEL EUGENE SLAUGHTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 64TH DISTRICT COURT OF CASTRO COUNTY;

NO. A28140204; HONORABLE ROBERT W. KINKAID, JR., JUDGE
_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Michael Eugene Slaughter seeks to appeal a judgment revoking his community supervision. We dismiss the appeal for want of jurisdiction.

Appellant was convicted on January 16, 2003, of driving while intoxicated, third or more offense. Pursuant to a plea bargain, punishment imposed was five years in the Texas Department of Criminal Justice–Institutional Division and a $1000 fine. The sentence was suspended and appellant was placed on community supervision for a term of five years.

A hearing to revoke appellant's community supervision was held on January 24, 2005. The court found appellant violated the terms and conditions of his community supervision and imposed the original sentence of five years confinement, a $1000 fine, court costs and court-appointed attorney fees. Appellant was advised of his right to appeal and right to counsel on appeal.

The trial court certified that appellant has the right to appeal the order revoking probation. On February 12, 2005, appellant filed an affidavit of financial status with the trial court and requested appointment of counsel. Counsel was appointed by the trial court on February 14. On March 3, the trial court received a letter from appellant stating he desired to withdraw his appeal.

Appellant's counsel sent a motion for appellant to sign stating he did not wish to prosecute an appeal. On March 17, appellant's counsel filed a notice of appeal and motion for extension of time to file a notice of appeal. On March 18, the trial court received a letter from appellant stating that he had changed his mind and wanted to prosecute the appeal. The record contains a finding of fact by the trial court that the delay in filing the notice of appeal is the result of appellant's actions in being undecided as to whether he desired an appeal.

As noted, the record reflects that appellant was sentenced on January 24, 2005. The notice of appeal was due on or before February 23, 2005. Tex. R. App. P. 26.2(a). The time for filing a notice of appeal may be extended for 15 days under certain circumstances. Tex. R. App. P. 26.3. If the time for filing a notice of appeal is to be extended, both a notice of

appeal and a motion for extension of time which complies with Rule 10.5(b) must be filed within the 15-day period. *Id.*; *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). Appellant's notice of appeal and motion for extension of time were not filed within the 15-day period and are therefore untimely.[1]

In a criminal case, appeal is perfected by timely filing a sufficient notice of appeal. Tex. R. App. P. 25.2(b), 26.2. A timely filed notice of appeal is essential to invoke our appellate jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); *Olivo*, 918 S.W.2d at 522. Notice is sufficient if it shows the party's desire to appeal from a judgment or other appealable order. Tex. R. App. P. 25.2(c)(2).

The only document filed by appellant prior to the due date for the notice of appeal was an affidavit of financial status which contained a request that the trial court appoint counsel. On April 14, 2005, the clerk of this Court notified appellant that the Court had reached the tentative conclusion the affidavit of financial status does not constitute a sufficient notice of appeal. Tex. R. App. P. 25.2(b),(c). Appellant and the State were given an opportunity to respond and address the issue of the Court's jurisdiction over this appeal. Neither party filed a response.

We remain of the opinion the affidavit of financial status appellant filed does not constitute a sufficient notice of appeal under these circumstances. Nor does it constitute a motion for extension to file a notice of appeal.

---

[1]We also note that appellant's motion for extension of time was filed with the trial court, not with this Court as required. Tex. R. App. P. 26.3.

Appellant's failure to file a timely notice of appeal prevents this court from having jurisdiction over his appeal. Accordingly, the appeal is dismissed for want of jurisdiction.[2] Tex. R. App. P. 39.8, 40.2, 43.2(f).

James T. Campbell
Justice

Do not publish.

---

[2]Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon 2005); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex.Crim.App. 1991).